**Gregory A. MILLER, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Defendant–Appellee.**

**No. 04–5536–CV.**

United States Court of Appeals, Second Circuit.

April 26, 2006.

Nadira S. Stewart, Stewart Law Firm (Charmaine M. Stewart, on the brief), Rosedale, NY, for Plaintiff-Appellant.

Mordecai Newman, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel, Larry A. Sonnenshein, Diana Goell Voigt, on the brief), Office of the Corporation Counsel of the City of New York, New York, NY, for Defendant-Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Gregory A. Miller ("Miller") appeals from a judgment of the district court granting defendant-appellee the City of New York's ("the City") motion for summary judgment on Miller's equal protection claim under 42 U.S.C. § 1983 and his constructive discharge, retaliation, and hostile work environment claims under Title VII and denying Miller's motion for summary judgment on the basis of spoliation of the evidence. We assume the parties' familiarity with the facts in this case, its procedural history, and the issues on appeal.

The district court found that Miller's hostile work environment claim failed because Miller did not offer sufficient evidence that he suffered discrimination on the basis of sex, as opposed to sexual orientation, and because any discriminatory treatment related to Miller's sex was not severe and pervasive enough to give rise to a hostile work environment. We disagree. In support of his hostile work environment claim, Miller, a small, non-muscular man with a disability, alleges that his supervisor, Anthony Porter, made his life at work miserable by claiming that Miller was not a "real man" or a "manly man," and by devising work assignments designed "to toughen [Miller] up." Miller further alleges that as part of Porter's scheme to make him into a "manly man," he was routinely assigned heavy lifting and truck work, which were "active duty" assignments Miller was prohibited from performing as a result of his disability. Miller asserts that he was verbally harassed and made to perform "active duty" work because he deviated from "normal gender stereotypes" according to which men are expected to be muscular and macho. Miller further argues that Porter's improper attempts to "toughen" him up caused him to re-injure himself and caused his health

to deteriorate so badly that he was forced to resign even after he was transferred to a new supervisor who respected his "light duty" status. Miller's testimony regarding Porter's reliance on sex stereotypes when assigning work was reinforced by testimony from one of Porter's colleagues, who testified that Porter assigned different tasks to male and female employees, sending the female employees on errands and yelling at the men.

Although discrimination on the basis of sexual orientation is not actionable under Title VII, *see, e.g., Simonton v. Runyon,* 232 F.3d 33, 36 (2d Cir.2000), discrimination on the basis of a failure to conform to sex stereotypes can evidence the sort of difference in treatment of persons of different genders that is actionable under Title VII, *see, e.g., id.* at 38; *see also Price Waterhouse v. Hopkins,* 490 U.S. 228, 235, 250–51, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (holding that [i]n the specific context of sex stereotyping, an employer who acts on the basis of a belief that a woman cannot be aggressive, or that she must not be, has acted on the basis of gender" and further explaining that "stereotyped remarks can certainly be *evidence* that gender played a part" in an adverse employment action even though they do not "inevitably" prove that fact (emphasis in original)). Miller has pointed to specific evidence—namely, Porter's comments and his subjection of Miller to a regimen intended to "make a man" out of him—from which a factfinder could reasonably infer that Miller's failure to conform to sex stereotypes was a reason for his being discriminated against based on his gender. *Cf. Dawson v. Bumble & Bumble,* 398 F.3d 211, 222–23 (2d Cir.2005) (explaining that a plaintiff cannot get to the jury when she "has produced no substantial evidence from which we may plausibly infer that her alleged failure to conform her appearance to [sex] stereotypes resulted in her suffering any

adverse employment action at the hands of [defendant]"); *Simonton,* 232 F.3d at 38 (affirming the dismissal of a Title VII claim when "[w]e do not have sufficient allegations before us to decide Simonton's claims based on stereotyping because we have no basis in the record to surmise that Simonton behaved in a stereotypically feminine manner and that the harassment he endured was, in fact, based on his nonconformity with gender norms instead of sexual orientation." (emphasis added)). Accordingly, Miller has raised a genuine issue of fact as to whether he was subjected to sex discrimination.

In order to survive summary judgment on a hostile work environment claim, a plaintiff must demonstrate that the discrimination alleged was "severe and pervasive enough to create an environment that would reasonably be perceived, and is perceived, as hostile or abusive." *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997) (citation and internal quotation marks omitted). We have held that, in assessing the overall hostility of a workplace, charges of discrimination must be "considered cumulatively in order to obtain a realistic view of the work environment." *Id.* at 110–11 (citation and internal quotation marks omitted). Miller alleges that the terms and conditions of his employment were deeply affected by Porter's efforts to correct his apparent failure to satisfy male gender norms: He alleges, with some evidentiary support, that Porter's impermissible sex stereotyping regularly led him to place Miller on a daily regimen of heavy-lifting and truck-work, and that this regimen made the workplace so injurious to Miller's health and well-being that he was forced to resign. These allegations are sufficient to raise a genuine issue of fact as to whether the discriminatory treatment to which Miller was allegedly subjected was severe and pervasive enough to have altered the conditions of

his employment for the worse. *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 70 (2d Cir.2000). As a result, the district court erred when it granted the City's motion for summary judgment on Miller's hostile work environment claim.

We affirm the district court's decision granting the City's motion for summary judgment on Miller's § 1983 claim and his constructive discharge and retaliation claims and denying Miller's motion for summary judgment on the basis of spoliation for substantially the reasons stated by the district court. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part and VACATED in part. We REMAND the action for further proceedings consistent with this order.